## TRABING v. CALIFORNIA NAVIGATION AND IMPROVEMENT COMPANY.*

### Sac. No. 752; June 25, 1901.

#### 65 Pac. 478.

Carriers—Injury to Passenger by Captain of Boat.—Plaintiff was Arrested by the captain of defendant's steamboat, and chained to a post on the lower deck, and ejected before he reached his destination. The court charged that plaintiff could recover only the actual damages suffered by him, unless defendant authorized the acts complained of, or participated therein or ratified them; and that the jury should not allow anything by way of punishing the defendant, unless it authorized the captain's acts or ratified them; and that, unless defendant participated in or authorized the captain's acts or ratified them, the measure of damages would be the amount which would compensate the plaintiff for all detriment proximately caused by the wrongful acts. Held, that the instructions were not erroneous as contradictory and too general.

Instructions.—Where the Matter Included in Requested instructions was covered by the charge of the court, it was not error to refuse them.

Carrier—Injury to Passenger.—An Instruction that plaintiff was entitled to recover only the actual damages proven, as distinguished from mere imaginary or exemplary damages, was properly refused, as tending to mislead the jury as to the character of proof necessary.

Carrier—Injury to Passenger's Feelings.—A Charge That Plaintiff could not recover for his injured feelings and mental anguish was properly refused.

Carrier—Damages for Ejecting Passenger.—Where Plaintiff, a boy of fourteen, was arrested by the captain of defendant's vessel, and chained to a post, and was ejected at midnight, before reaching his destination, and was obliged to walk thirty miles to reach home, a verdict of $1,500 was not excessive.

APPEAL from Superior Court, San Joaquin County; Edward I. Jones, Judge.

Action by Charles Trabing against the California Navigation and Improvement Company. From a judgment in favor of plaintiff and from an order denying a new trial defendant appeals. Affirmed.

*Rehearing denied July 26, 1901.

Plaintiff, a boy of fourteen years, was arrested by the captain of defendant's vessel, and chained to a post on the lower deck, and was ejected from the boat at midnight, before arriving at plaintiff's destination, and thirty miles from his home.

Woods & Levinsky for appellant; Nicol, Orr & Nutter for respondent.

SMITH, C.—This is an action for damages for maltreatment of the plaintiff on one of the defendant's steamers. The jury returned a verdict for $1,500, and judgment was entered accordingly. The defendant appeals from the judgment, and from an order denying a new trial. The case was before this court on a former appeal, and is reported 121 Cal. 137, 53 Pac. 644, where the facts are more fully stated. The grounds urged for reversal are error of the court in giving or refusing instructions, and excessive damages.

1. On the former trial the court, at the instance of the plaintiff, instructed the jury, if they found certain facts therein enumerated, as follows: "I charge you your verdict will be in favor of plaintiff for such damages as, under all the circumstances of the case disclosed by the evidence, appear to be just, not exceeding the sum of $5,000," the sum demanded in the complaint. Also it refused the following instruction asked by the defendant: "I charge you that in cases of this kind the plaintiff can recover only the actual damages suffered by him, unless the master authorized the commission of the act complained of, or participated therein, or ratified it after its commission." And with reference to these instructions this court on appeal said: "As an abstract proposition of law, the instruction given is correct, but it is too general to properly guide a jury to a correct conclusion under the facts of this case. The instruction would apply to almost any conceivable case, whether the action were against the principal, or against the agent who actually committed the tort, and whether the facts did or did not justify exemplary damages. It left the question of exemplary damages entirely to the jury. The instruction refused should have been given. It would have informed the jury that they could not give exemplary damages. The jury were not re-

stricted to compensatory damages, either by the instruction asked, or any other instruction of similar import.''

On the new trial the former of the two instructions commented on was again given, but with the following addition: ''But in estimating such damages you must not allow or award anything for the sake of example, or by way of punishing defendant, unless it shall further appear to you from the evidence that the defendant authorized the commission of said acts of the captain, or ratified them after the commission.'' The court then, of its own motion, gave to the jury the following instruction: '' (a) Unless you find from the evidence that the defendant corporation authorized, participated in, or ratified the act or acts of its servant or servants of which complaint is made, the measure of damages, if any you find, is that amount of money which will compensate the plaintiff for all detriment to him proximately caused by such act or acts of the defendant's servant or servants—his actual damage as distinguished from exemplary or punitive damages—which amount, under the rule just stated, must be determined, in view of all the evidence, by the sound judgment of the jury.'' The court refused to give the instruction refused on the first trial, and referred to in the former decision. It also refused to give various instructions that plaintiff could recover ''actual damages proven,'' or ''such damages as the plaintiff can actually prove, and has in fact sustained, as contradistinguished from mere imaginary, exemplary, or what is known as 'punitive damages' ''; and also the instruction that the jury could not allow the plaintiff ''any damages for injured feelings or mental anguish.'' It is claimed by the appellant that the court erred in the instructions given and in the refusal of those denied.

First. Specifically, the objection to the instructions given is to the part of the instructions given on the former appeal, and referred to in the decision, which it is claimed is erroneous and contradictory to the other instructions. But, as said in the former decision, ''as an abstract proposition of law the instruction given is correct,'' and, though too general of itself to guide the jury, it was fully and satisfactorily explained and qualified in the other instructions.

Second. All of the instructions, in so far as they are correct, were in effect given in other parts of the opinion. The instructions asked as to ''actual damages proven'' were, in

their literal expression, correct, but as used they were calculated to mislead the jury as to the character of the proof necessary. Proof of the damages claimed was necessary, but proof of the amount of detriment, expressed in dollars and cents, was unnecessary. Such proof, in cases of this kind, is in its nature generally impracticable, and hence the amount of damages must be left, in large degree, to the jury: Sedg. Meas. Dam., sec. 356. The law on the subject was fully explained, and the term "actual damages" correctly defined in other parts of the instructions. The instructions that "damages for injured feelings or mental anguish" could not be allowed was rightly refused: Sloane v. Southern Cal. Ry. Co., 111 Cal. 668, 32 L. R. A. 193, 44 Pac. 320; 3 Suth. Dam., sec. 1245.

2. We cannot say that the damages allowed by the jury ($1,500) were excessive. In the former decision, referring to the verdict, which was for $2,500, the court said: "We cannot determine from the amount awarded whether it includes exemplary damages or not. If the jury were properly instructed on that subject, an excess in the amount given should be very clear to justify this court in disturbing their conclusion. The question, therefore, turns on the instructions given and refused." On the whole, I think the case was fairly tried on the principles established by the former decision. The judgment and order appealed from should be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.